IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TURNER INDUSTRIES GROUP, L.L.C.,<br><br>        Plaintiff,<br><br>   v.<br><br>THE TRAVELERS COMPANIES, INC.,<br><br>UNITED STATES FIDELITY & GUARANTY COMPANY,<br><br>   and<br><br>FIREMAN'S FUND INSURANCE COMPANY.<br><br>        Defendants. | Civil Action No. _____<br><br>**COMPLAINT<br>FOR DECLARATORY RELIEF<br>AND DAMAGES**<br><br>(Jury Trial Demanded) |

Plaintiff Turner Industries Group, L.L.C. ("TIG") alleges as follows for its Complaint against the Defendants, The Travelers Companies, Inc. ("Travelers"), United States Fidelity & Guaranty Company ("USF&G"), and Fireman's Fund Insurance Company ("FFIC"):

## NATURE OF ACTION

1. This is a civil action for declaratory relief and money damages arising out of Defendants' breach of their contractual obligations to defend and indemnify TIG against liability for various underlying asbestos bodily injury claims covered under liability insurance policies issued by Defendants USF&G and FFIC to TIG in the time period of 1967 to 1989.

2. In or around 1998, USF&G became a subsidiary of St. Paul Fire and Marine Insurance Company, which is now owned by The Travelers Companies, Inc. ("Travelers"). Subsequently, Travelers undertook the responsibility for managing claims

handling and making insurance coverage decisions concerning the underlying asbestos claims against TIG, in connection with insurance policies issued by USF&G to TIG.

3. This action arose out of USF&G's and/or Travelers' unjustified and unreasonable breach of its duty to defend and indemnify the underlying asbestos claims after having controlled the defense and resolution of these claims on TIG's behalf for over a decade.

4. For eleven years, from 1996 to 2007, USF&G and/or Travelers defended all of the underlying asbestos claims asserted against TIG and its predecessors, and provided complete indemnity coverage for settlements or judgments of those claims, subject to FFIC's payment of a portion of the defense and indemnity costs. USF&G and/or Travelers benefited from its assertion of complete control of the defense and resolution of the underlying asbestos claims for many years, and TIG relied to its detriment upon USF&G and/or Travelers' conduct and actions.

5. In late 2007, USF&G and Travelers reversed course without justification, and reneged without reasonable cause on its commitment to defend and on its obligations to provide defense and indemnity coverage for the underlying asbestos claims. In the wake of USF&G's and Travelers' reversal of course, FFIC has also failed to meet its obligations to defend and indemnify TIG in the underlying asbestos claims.

6. From late 2007 to date, Defendants have failed to comply with their contractual obligations to defend and indemnify TIG in connection with the underlying asbestos claims, to the substantial prejudice of TIG.

7. In this action, TIG seeks:

(a) A declaration of the rights, duties, and liabilities of Defendants with respect to coverage for underlying asbestos claims for which TIG is allegedly and/or legally responsible;

(b) Monetary damages caused by Defendants' breaches of their contractual obligations to provide insurance coverage to TIG with respect to the underlying asbestos claims; and

(c) Other relief as may be appropriate resulting from the Defendants' breaches of their obligations to provide coverage to TIG with respect to the underlying asbestos claims and related obligations, including penalties, sanctions and attorneys' fees as allowed by law, prejudgment interest and costs incurred in connection with the case.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court has personal jurisdiction over the Defendants because each of the Defendants, within the time periods relevant to the claims asserted herein, has been licensed or approved to conduct business in Louisiana, has in fact transacted business in Louisiana, has contracted to insure persons, property or risks located within Louisiana, and/or has otherwise conducted activities or maintained sufficient contacts to place it within the personal jurisdiction of this Court.

9. Venue in this jurisdiction is proper pursuant to 28 U.S.C. § 1391(a) and (c).

3

## PARTIES

10. Plaintiff Turner Industries Group, L.L.C. ("TIG") is a limited liability company organized under the laws of Louisiana with its principal place of business in Baton Rouge, Louisiana. TIG is an industrial contractor providing maintenance, construction, pipe fabrication, and specialty industrial services principally to petro-chemical facilities along the United States gulf coast. TIG is the successor to Nichols Construction Company, which began doing business as an industrial contractor in or around 1962, and to various other companies in the industrial contracting business, including National Maintenance Company, Inc. (hereinafter "TIG Predecessors"). The policies at issue in this lawsuit were issued and delivered to one or more TIG Predecessors in Louisiana, and premiums for the policies were paid by one or more TIG Predecessors from its corporate offices in Louisiana.

11. Defendant United States Fidelity & Guaranty Company ("USF&G") is a corporation organized under the laws of the State of Maryland, with its principal place of business in St. Paul, Minnesota. USF&G is engaged in the business of insurance and is licensed to transact business in Louisiana.

12. Defendant The Travelers Companies, Inc. is a corporation organized under the laws of the State of Minnesota, with its principal place of business located in St. Paul, Minnesota. The Travelers Companies, Inc. is the ultimate corporate parent of Defendant USF&G. A unit under the control of The Travelers Companies, Inc. is the Special Liability Group, which has undertaken the claims handling management of the TIG asbestos claims, and the decision making for insurance coverage determinations, in connection with the USF&G policies issued to TIG in Louisiana, and has maintained regular contacts with TIG's corporate offices in Louisiana.

13.     Defendant Fireman's Fund Insurance Company ("FFIC") is a corporation organized under the laws of the State of California, with its principal place of business in California.  FFIC is engaged in the business of insurance and is licensed to transact business in Louisiana.

## THE UNDERLYING ASBESTOS CLAIMS

14.     TIG and/or TIG Predecessors have been named as defendants in thousands of asbestos-related lawsuits alleging liability for bodily injury allegedly sustained by the underlying claimants as a result of exposure to asbestos for which TIG is allegedly responsible. In addition, certain other defendants in asbestos bodily injury cases have brought claims and lawsuits against TIG and/or TIG Predecessors, contending that TIG and/or TIG Predecessors are liable under alleged indemnification contracts for those other defendants' defense and indemnity obligations in asbestos bodily injury cases.  The claims described in this Paragraph 14 are herein referred to as the "Underlying Asbestos Claims."

15.     TIG reasonably anticipates that additional asbestos-related bodily injury claims similar to the Underlying Asbestos Claims will be asserted against it and TIG Predecessors in the future.

16.     TIG has incurred, and reasonably anticipates that it will continue to incur, defense and indemnity costs as a result of the Underlying Asbestos Claims, and that it will incur additional such costs as a result of claims similar to the Underlying Asbestos Claims that it anticipates will be asserted against it and TIG Predecessors in the future.

## THE LIABILITY POLICIES AT ISSUE

17.     Defendant FFIC issued comprehensive general liability insurance policies to Nichols Construction Company and/or other TIG Predecessors, under which FFIC has a duty

5

to defend and a duty to indemnify TIG against the Underlying Asbestos Claims. Upon information and belief, FFIC issued these policies to Nichols Construction Company and/or other TIG Predecessors for the time period between March 1, 1967 and March 1, 1976. The policies issued by Defendant FFIC include at least those that are listed in the following chart, by policy number and policy period:

| Policy Number | Policy Period |
|---|---|
| MXP1436121 | March 1, 1967 - March 1, 1970 |
| MXP1568377 | March 1, 1970 - March 1, 1973 |
| LP2077513 | March 1, 1973 - March 1, 1976 |

18. Defendant USF&G issued comprehensive general liability insurance policies to Nichols Construction Company and other TIG Predecessors, under which USF&G and/or Travelers has a duty to defend and a duty to indemnify TIG against the Underlying Asbestos Claims. USF&G issued these policies to Nichols Construction Company and other TIG Predecessors for the time period between March 1, 1976 to March 1, 1989. The policies issued by Defendant USF&G include at least those that are listed in the following chart, by policy number and policy period:

| Policy Number | Policy Period |
|---|---|
| MP33597 | March 1, 1976 - March 1, 1979 |
| MP32944 | March 1, 1979 - March 1, 1982 |
| SMP529905 | March 1, 1982 - March 1, 1985 |
| MP022754270 | March 1, 1985 - March 1, 1988 |
| 2MP07851365501 | March 1, 1988 - March 1, 1989 |

19. The liability insurance policies issued by Defendants, on information and belief for the time period from March 1, 1967 to March 1, 1989 ("Policies"), provide comprehensive general liability coverage and, among other things, require the Defendants to pay on behalf of their insureds all sums which the insureds shall become legally obligated to pay as damages because of bodily injury, and to defend its insureds in any suit seeking damages on

6

account of such bodily injury, even if any of the allegations of the suit are groundless, false, or fraudulent, subject to any applicable limits of the Policies. The injuries for which TIG and TIG Predecessors are allegedly responsible in the Underlying Asbestos Claims are alleged to have occurred over time including during the policy periods of the Policies.

20. All pertinent conditions and requirements imposed by the Policies, including payment of premiums and notices of claims, have been satisfied, have been waived by the Defendants, are subject to estoppel against the Defendants, and/or have been modified or amended as a result of Defendants' eleven-year custom, practice, and course of dealing during which Defendants provided full defense and indemnity coverage and never denied or reserved rights on any Underlying Asbestos Claim.

## DEFENDANTS' COURSE OF DEALING AND BREACH OF THEIR OBLIGATIONS TO TIG

21. The first Underlying Asbestos Claim was brought in or around 1996. Since that time, several thousand additional such claims have been brought against TIG and/or TIG Predecessors.

22. From the time the first Underlying Asbestos Claim was asserted until approximately November 2007, Defendant USF&G and/or Travelers defended the Underlying Asbestos Claims on TIG's behalf and paid defense costs directly to defense counsel selected by, retained by, and supervised by USF&G and/or Travelers. During that period, FFIC contributed to the payment of defense costs, and Defendants USF&G and/or Travelers and FFIC paid all of the defense costs for the Underlying Asbestos Claims. In addition, until approximately November 2007, Defendants paid in full the indemnity costs for the Underlying Asbestos Claims.

23. Defendant USF&G and/or Travelers asserted complete control over the defense and resolution of all Underlying Asbestos Claims brought against TIG until approximately November 2007. USF&G and/or Travelers benefited from its assertion of complete control over the defense and resolution of all Underlying Asbestos Claims. At no time during the period prior to November 2007 did USF&G and/or Travelers or FFIC ever deny coverage or reserve any rights with respect to any Underlying Asbestos Claim.

24. In or around November 2007, Travelers and/or USF&G reversed course. At that time, Travelers and/or USF&G began to deny defense and indemnity coverage entirely for certain of the Underlying Asbestos Claims, and refused to provide full coverage for other Underlying Asbestos Claims, despite the fact that it had provided coverage without objection or reservation of rights for the same types of claims during the eleven-year period prior to November 2007. Travelers and/or USF&G has asserted unjustified excuses for reneging on its duties to defend and indemnify and for its failure to fulfill its obligations to provide coverage to TIG for the Underlying Asbestos Claims. Travelers' and USF&G's conduct has been inconsistent with the duties of good faith and fair dealing to TIG under the Policies.

25. Since Travelers' and/or USF&G's reversal of course in November 2007, FFIC has also failed to meet its obligations under the Policies to provide the defense and indemnity coverage for the Underlying Asbestos Claims that is required by the Policies it issued, despite the fact that it had provided coverage without objection or reservation of rights for the same types of claims during the eleven-year period prior to November 2007.

26. TIG has been injured and materially prejudiced by Defendants' breaches of their policy obligations and by their failures to commit to coverage for costs of the Underlying Asbestos Claims. Travelers' and USF&G's unjustified reversal in late 2007 of their

8
Case 3:09-cv-00834-RET-DLD    Document 1    10/02/2009    Page 8 of 13

unconditional commitment to defending and indemnifying the Underlying Asbestos Claims has caused substantial prejudice to TIG. TIG relied on USF&G's and/or Travelers' commitment to defend and indemnify claims to its detriment and has been injured and prejudiced by Travelers' conduct.

**CAUSES OF ACTION**

**FIRST COUNT**

**(Declaratory Judgment --
Defense and Indemnity Coverage for Underlying Asbestos Claims)**

27. TIG repeats and incorporates by reference the allegations in Paragraphs 1 through 26 as if set forth in full herein.

28. This is a claim for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202. TIG seeks a judicial determination of the rights, duties, and obligations of the parties with respect to an actual controversy arising out of the Policies. The controversy is of sufficient immediacy and magnitude to justify the issuance of declaratory relief by this Court.

29. An actual and justiciable controversy has arisen and now exists between TIG and each of the Defendants concerning their respective rights and obligations under the Policies in connection with the Underlying Asbestos Claims, and in connection with their respective rights and obligations under the Policies for similar such claims that TIG reasonably anticipates will be brought in the future.

30. Pursuant to the Policies, the Defendants have a duty to defend and are obligated to provide indemnity coverage to TIG and to pay defense and indemnity costs incurred in the past and/or to be incurred in the future by TIG in connection with the Underlying Asbestos Claims and similar such claims that TIG reasonably anticipates will be brought in the future.

31. Defendants have failed to provide defense and indemnity coverage for TIG as required under the Policies, and have also failed to acknowledge their future defense and indemnity obligations under the Policies.

32. Defendants have waived their rights to deny and/or are estopped from denying coverage under the Policies for any Underlying Asbestos Claim or for similar such claims that TIG reasonably anticipates will be brought in the future. To the extent that Defendants are relying on terms or conditions in the Policies to deny or limit coverage, those terms or conditions do not limit or exclude coverage, or alternatively were modified, amended, waived, or are subject to an estoppel against Defendants as a result of Defendants' eleven-year custom, practice, and course of dealing, during which Defendants provided full defense and indemnity coverage and never denied or reserved rights on any Underlying Asbestos Claim.

33. A judicial declaration is necessary and appropriate at this time in order that TIG and Defendants may ascertain the rights and duties under the Policies. The issuance of declaratory relief will terminate some or all of the existing controversy between the parties.

## SECOND COUNT

**(Breach of Contract --
Defense and Indemnity Coverage for Underlying Asbestos Claims)**

34. TIG repeats and incorporates by reference the allegations in Paragraphs 1 through 33 as if set forth in full herein.

35. Each Defendant has breached its contractual obligations to provide defense and indemnity coverage for TIG in connection with the Underlying Asbestos Claims. Each Defendant has breached its contractual obligations under the terms and conditions of the Policies, and under any modifications or amendments of the terms and conditions of the Policies

in connection with the extensive past course of practice in which Defendants provided a full defense and indemnity for Underlying Asbestos Claims without reservation.

36. As a direct result of the Defendants' breach of contract, TIG has been and will be deprived of the benefit of the insurance coverage to which it is entitled, and has been forced to pay, and will continue to pay, defense and indemnity costs in connection with the Underlying Asbestos Claims that should be paid by Defendants.

37. As a direct result of the Defendants' breach of contract, TIG has been forced to incur and will continue to incur additional consequential damages, including without limitation, attorneys' fees and other expenses in bringing this action.

38. As a direct and proximate result of the aforesaid actions by Defendants, TIG has been damaged in an amount to be proved at trial, which is in excess of $75,000, plus interest and costs thereon and other sums incurred.

## PRAYER FOR RELIEF

**WHEREFORE,** TIG respectfully requests that the Court enter judgment against each Defendant as follows:

1. On the First Count, TIG requests that the Court enter judgment:

   a. declaring that Defendants each are obligated to provide defense and indemnity coverage to TIG for the Underlying Asbestos Claims and any similar claims that may be asserted against TIG in the future; and

   b. granting such other and further relief as the Court may deem just and proper, including awarding TIG interest as well as penalties, sanctions and attorneys' fees as allowed by law, costs incurred in connection with this suit, and all other relief as may be just and proper.

11
Case 3:09-cv-00834-RET-DLD   Document 1   10/02/2009   Page 11 of 13

2. On the Second Count, TIG requests that the Court enter judgment against Defendants severally and award it:

    a. actual money damages according to proof at trial, plus interest according to law; and

    b. such other and further relief as the Court may deem just and proper, including awarding TIG interest as well as penalties, sanctions and attorneys' fees as allowed by law, costs incurred in connection with this suit, and all other relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

Respectfully submitted:

    *s/John W. deGravelles*
**JOHN W. deGRAVELLES** (#04808), T.A.
RANDOLPH W. HUNTER (#7084)
J. NEALE deGRAVELLES (#29143)
deGravelles, Palmintier, Holthaus & Frugé, L.L.P.
618 Main Street
Baton Rouge, Louisiana 70801-1910
Telephone: 225/344-3735
Facsimile: 225/336-1146
jdegravelles@dphf-law.com
rhunter@dphf-law.com
ndegravelles@dphf-law.com

JOHN H. FENNER
Bar Roll No. 17565
Corporate General Counsel
Turner Industries Group, L.L.C.
P. O. Box 2750
Baton Rouge, LA  70821
(225) 214-2066
Fax (225) 215-6025


*Of Counsel:*

Anna P. Engh
Timothy D. Greszler
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20044-7566
(202) 662-6000
Fax (202) 662-6291

*Attorneys for Plaintiff
Turner Industries Group, L.L.C.*

October 2, 2009