UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TURNER INDUSTRIES GROUP, LLC | * | CIVIL ACTION NO. 09-cv-0834 |
| | * | |
| VERSUS | * | |
| | * | |
| THE TRAVELERS COMPANIES, INC., | * | JUDGE TYSON |
| UNITED STATES FIDELITY AND | * | |
| GUARANTY COMPANY, AND | * | |
| FIREMAN'S FUND INSURANCE | * | MAGISTRATE DALBY |
| COMPANY | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## JOINT AGREED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

WHEREAS the Parties wish to expedite and facilitate the production of Documents in this matter, including commercially sensitive and proprietary information as well as information subject to joint defense privilege among the Parties in connection with the underlying litigation;

WHEREAS it is the stated intent of the Parties to protect Documents and information that are commercially sensitive and/or proprietary from being used for any purpose other than in the current litigation and also to prevent such Documents, declarations, testimony and other information from being reviewed or disclosed to persons not authorized under this Protective Order (hereinafter, "Order");

THEREFORE, it is hereby stipulated and agreed to, by and between the Parties through their respective counsel, and subject to the approval of this Court, that the following Order be entered in this matter, pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c):

1.      The Parties agree that, from the time they execute this Order until the Court enters the Order, they will be bound by the Order as if the Court had entered it.

DLD

2.      When used in this Order, the following words shall have the following meanings:

a.      "Attorneys of Record" means attorneys of record for any of the Parties to this action and members of the firm of the attorneys of record for the Parties.

b.      "Confidential Discovery Materials" means any Discovery Materials that the Producing Party designates on the basis that it is of a proprietary, sensitive, or confidential nature, such as Discovery Materials the disclosure of which may adversely affect a Producing Party's competitive, commercial, business, or economic interests, or Materials that are comprised of trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor in accordance with Fed. R. Civ. P. 26(c)(1) or other applicable law, or is other information required or permitted by law or agreement to be kept confidential.   The Parties specifically understand and intend the term "Confidential Discovery Materials" to include, without limitation, any Documents and/or information created, transmitted, originating out of, or maintained in connection with any claims made against Turner Industries Group, LLC, as successor in interest to Nichols Construction Corporation, arising out of, relating to, or resulting from alleged asbestos exposure. Except for the foregoing, Confidential Discovery Materials does not include, and this Order shall not apply to, information that is already in the knowledge or possession of the Party (or Parties) to which disclosure is made unless that Party is already bound by agreement not to Disclose such information, or to information that has been Disclosed to the public or third persons in a manner making such information no longer confidential.

c.   "Disclose" (and any variant thereof) means to show, give, make available, reproduce, or communicate any Discovery Materials, or any part or content thereof.

d.   "Discovery Materials" means Documents or other information produced by any person or entity, whether pursuant to the Federal Rules of Civil Procedure, subpoena or by agreement.

e.   "Document" shall be interpreted in the broadest sense permitted by the Federal Rules of Civil Procedure, and means any writing or other record whatsoever of any nature, whether transcribed by hand or by some mechanical, electronic, photographic, or other means, and regardless of the medium in, or upon which, it is retained or stored, including, without limitation, the following: correspondence; memoranda; electronic mail; notes; records; summaries of meetings or conferences; opinions; studies; reports of consultants; projections; statistical statements; drafts; agreements; telegrams; telexes; transcripts; facsimiles; pamphlets; manuals; reports; spreadsheets; databases; presentations; diaries; calendar entries; tape recordings; computer disks or files; charts; logs; notebooks; drawings; plans; answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; affidavits; declarations; and other such materials as may be produced or filed during this action, as well as all copies, excerpts, or summaries thereof.

f.   "Party" shall mean each and every named party in this action and any person or entity that hereafter is served with process in this action, including Turner Industries Group, LLC; The Travelers Companies, Inc.; Travelers Indemnity Company;

3

United States Fidelity and Guaranty Company; Fidelity & Guaranty Insurance Underwriters, Inc.; Fireman's Fund Insurance Company; and Associated Indemnity Corporation, and each of their subsidiaries, affiliates, associates, or parent companies of the Parties and their respective counsel, as well as, to the extent of such Party's authority to bind them, each of their divisions, departments, officers, agents, parents (whether whole or part owner), subsidiaries (whether wholly or partly owned), affiliates, predecessors, successors, each and every legal entity within their control, as well as each and every current or former officer, employee, in-house counsel, agent, director, or representative.

        g.      "Producing Party" means any Party, person or entity producing Discovery Materials, whether pursuant to the Federal Rules of Civil Procedure, subpoena or by agreement.

        h.      "Qualified Person" means:

        i.   Outside counsel for the Parties, including the partners, counsel, associates, secretaries, paralegals or other assistants, and employees of such attorneys;

        ii.   Non-parties (and their staff) who are retained as consulting experts or expert witnesses for the purposes of preparation, pretrial discovery and proceedings, trial, appeal, settlement or administration of this case, so long as such persons agree in writing to be bound by the terms of this Order by signing a document in the form of Exhibit A hereto;

        iii.   Person or Party that produced the Confidential Discovery Materials, and any officer, employee or agent of such person or Party (provided that such person shall be a Qualified Person by virtue of this subparagraph only with respect to Confidential Discovery Materials produced by such person or Party);

        iv.   Author or recipient of a Document containing Confidential Discovery Material (provided that such person shall be a Qualified Person by virtue of this subparagraph only with

respect to Confidential Discovery Materials of which such person was the author or recipient);

v.   Vendors and other non-parties involved, with respect to this case, in photocopying, imaging, database development, graphics or design services, mock trial, jury profiling, translation services, court reporting or other services at the direction of counsel for a Party or the employees of such counsel, so long as such persons agree in writing to be bound by the terms of this Order by signing a document in the form of Exhibit A hereto;

vi.   Any reinsurer or reinsurance intermediary and employees of such entities, but only in their capacity as such and only after being advised about the existence of this Order;

vii.   Any auditor or state or federal regulatory body, but only in their capacity as such, which is entitled to receive information covered by this Order in the ordinary course of business;

viii.   Any actual, prospective witness, or consulting expert in this litigation except that such person may only be shown Confidential Discovery Materials during, or in preparation for, his or her actual or prospective testimony or consultation, and only to the extent necessary for such preparation, testimony, or consultation  in litigation and, then, only in the context of this litigation;

ix.   Any other person or entity that the Parties agree in writing should have access to such Confidential Discovery Materials;

x.   Subject to Paragraph 8, the Court and other court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master or magistrate judge appointed by the Court);

xi.   Any person or entity designated by the Court in the interests of justice, upon such terms as the Court may deem proper; or

xii.   Parties to the Matter.

3.       Confidential Discovery Materials shall be used solely for the purposes of preparation, trial, and appeal of this action.   Otherwise, except as set forth in the remaining terms of this Order, or by order of the Court, or otherwise authorized or required by law, including for purposes of law enforcement or the enforcement of any

laws, no Confidential Discovery Materials shall be used by any Party other than the Producing Party for any other purpose, including without limitation, any business or commercial purpose, by any Defendant or non-party to the instant litigation.

4.    Absent agreement of counsel or order of the Court to the contrary, all Confidential Discovery Materials produced by the Parties shall be considered confidential and restricted to use in the prosecution or defense of this proceeding.  Notwithstanding the foregoing, this Order shall not be construed in any manner that would prevent any Producing Party from using its own Confidential Discovery Material in any manner it chooses; *provided, however*, that if a Producing Party uses its own Confidential Discovery Material in a manner that causes such information to lose its confidential status, then all other Parties shall be relieved of their obligation to treat such information as confidential in accordance with this Order.

5.    Use and dissemination or other discussion of Confidential Discovery Materials and information by the Parties shall be restricted to a "Qualified Person."  The legend "Confidential and Subject to Protective Order" shall be placed on all Documents designated as Confidential Discovery Materials.   In the case of a multiple page Document, each and every page of the Document deemed to contain Confidential Discovery Material shall be so designated by the above legend on each such page.  A single legend on the first page of a multiple page Document will not be deemed to designate the entire Document as Confidential Discovery Material; provided, however, that in the case of databases, CD-ROMs, and other electronic materials, a single legend affixed on the electronic material will be deemed to designate the entire contents thereof as Confidential Discovery Material.  Notwithstanding anything in this paragraph to the

contrary, to the extent any Producing Party produces information electronically in .tiff image or comparable format, a single legend affixed to the CD-ROM or other media upon which such information is produced shall not be deemed to designate the entire contents thereof as Confidential Discovery Material; in the case of production of Documents or other information in .tiff or comparable format, each separate .tiff or other image that contains Confidential Discovery Material shall be so designated by the above legend.

6.      All deposition witnesses to whom Confidential Discovery Materials are Disclosed at deposition are hereby ordered (1) to maintain the received Confidential Discovery Materials in confidence and (2) not to Disclose the received Confidential Discovery Materials to anyone other than in accordance with the terms of this Order.

7.      Party or Producing Party may designate information Disclosed at a deposition as Confidential Discovery Materials by requesting the reporter to so designate the transcript or any portion thereof at the time of the deposition. If no such designation is made at the time of the deposition, any Party or Producing Party may also designate depositions and/or information Disclosed at depositions as Confidential Discovery Materials by notifying all Parties in writing, within thirty (30) days of receipt of the transcript by the Attorneys of Record for the designating Party.  During such thirty (30) day period, the deposition transcript shall be treated as Confidential Discovery Material. Each Party and the court reporter shall attach a copy of any final and timely written designation notice to the transcript and each copy thereof in its possession, custody or control, and the portions designated in such notice shall thereafter be treated in accordance with this Protective Order. 8.    Any Confidential Discovery Materials that

are filed with the Court in connection with any pre-trial proceedings (e.g. memoranda, declarations, or exhibits thereto) shall be filed or lodged under seal in accordance with the Court's Administrative Procedures for Filing Electronic Documents.

9.      Producing or receiving Confidential Discovery Materials, or otherwise complying with the terms of this Order, shall not (a) operate as an admission that any particular Confidential Discovery Material contains or reflects trade secrets or any other type of confidential or proprietary information; (b) waive any trade secret or other confidential or privileged protection that might otherwise be afforded over those materials; (c) prejudice the rights of a Producing Party to object to the production of information or material that the Producing Party does not consider to be within the scope of discovery; (d) prejudice the rights of a Party to seek a determination by the Court that particular materials be produced; (e) prejudice the rights of a Producing Party to apply to the Court for further protective orders; (f) prevent the Parties or Producing Parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular Document or information;  or (g) prevent any Producing Party from seeking to modify, extend, or limit this Order upon a showing of good cause. Nor shall anything in this Order prevent the Parties from contesting the relevancy, admissibility, or discoverability of Confidential Discovery Materials. 10. If   a    Party receiving Confidential Discovery Materials desires to Disclose any part of them in any manner not in accordance with the terms of this Order, the Party seeking to make such Disclosure shall obtain the agreement of the Producing Party to proceed or, in the absence of such agreement, shall seek the approval of the Court by way of a motion filed with the Court.

11.    If a Producing Party mistakenly fails to designate any Document or other information in this action as Confidential Discovery Material, the Producing Party shall inform all Parties receiving the Document or other information promptly after discovering the mistake.  The Parties receiving the Document or other information shall make reasonable efforts to mark the Document or other information in the manner requested by the Producing Party and thereafter treat the Document or other information in accordance with such marking, subject to the receiving Parties' right to challenge such a designation pursuant to Paragraph 14 herein.

12.    If a Producing Party inadvertently Discloses any Document or other information that the Producing Party believes is subject to attorney-client privilege, work product, or other protection or privilege, the Producing Party reserves all rights to assert such designation, privilege, or protection in any other proceeding notwithstanding the fact that the material has been Disclosed.  Pursuant to Federal Rule of Evidence 502, a disclosure in this case of information that is protected by the attorney-client privilege, the work product doctrine, or other protection or privilege shall not operate as a waiver of the attorney-client privilege, the work product privilege, or other protection or privilege in any other Federal or State proceeding for the produced Document or information, or any other Document or information covering the same or similar subject matter.

13.    In the event that any Producing Party claims that it inadvertently produced Documents or other information that are subject to a claim of attorney-client privilege, work product, or other privilege or protection, the Parties shall proceed in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).  No use shall be made of such material

until there has been a final resolution by the Court of any dispute regarding the claim of inadvertent production.

14.     A Party receiving Confidential Discovery Material may challenge a Producing Party's designation at any time by requesting, in writing, that the Producing Party change the designation.  The Producing Party shall then have fourteen (14) days after receipt of a challenge notice to advise the receiving Party whether it will change the designation.  If an agreement is not reached after the expiration of this fourteen (14) day time frame, and after the conference required under Federal Rule of Civil Procedure 37, the receiving Party may at any time thereafter seek a Court Order to alter the confidential status of the designated information.  Until any dispute under this paragraph is ruled upon by the Court, the designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Order. In any such motion, the burden of persuasion/proof will be on the person asserting the privilege and/or confidential nature of the document sought to be protected.

15.     In the event that Confidential Discovery Material is used in any trial, hearing, or other court proceeding in this action, the Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use.  Prior to the disclosure of Confidential Discovery Materials in any trial, hearing, or other court proceeding in this action, counsel shall confer with the Court on such procedures as may be necessary and appropriate to protect the confidentiality of such Confidential Discovery Materials.

16.     Within a reasonable period of time after (a) the documents are no longer necessary to satisfy any of the Parties' regulatory obligations, audit requirements, or

10

obligations related to reinsurance, (b) after final judgment in this action (including the exhaustion of all appeals), or (c) after dismissal pursuant to a settlement agreement that resolves all claims in this action, at the request of the Producing Party, any and all Parties shall forward all executed Non-Disclosure Agreements (excluding those of the non-designated experts/consultants and their respective staff members) to the Producing Party within thirty (30) days and, at the option of the Producing Party, within thirty (30) days, either (1) destroy all Confidential Discovery Materials, whether received or disseminated by such Party, and shall certify in writing that destruction has occurred; or (2) return all Discovery Materials received or disseminated, including but not limited to Confidential Discovery Materials, to the Producing Party and certify in writing that all such Discovery Materials have been returned.   If the Producing Party is not notified of which option has been selected, it will be presumed that the Confidential Discovery Materials have been destroyed.  However, in the event that any Confidential Discovery Materials are admitted as evidence at trial, that material remains with the Court's record and no party is under an obligation to return the material to the Producing Party.  Notwithstanding anything in this paragraph to the contrary, the Parties shall have the right to retain court papers, trial transcripts, hearing transcripts, deposition transcripts, pleadings, exhibits, trial preparation materials, or attorney work product that incorporate or include Confidential Discovery Material provided that any such Documents or information are maintained and protected in accordance with the terms of this Order.

17.     No Party to this Matter, no Qualified Person, or any other entity, other than the Producing Party as Plaintiff or as Defendant, shall retain copies of Confidential Discovery Materials, including any copies thereof, or referenced thereto, after the

Confidential Discovery Materials are no longer necessary to satisfy any of the Parteis'

regulatory obligations, audit requirements, or obligations related to reinsurance. Any

exceptions to this paragraph shall be in writing by a duly authorized representative of the

Producing Party. Notwithstanding the terms of Paragraphs 16 and 17 hereof, the Parties

to the litigation may retain, and not return, such material, including Confidential

Discovery Materials, as necessary to preserve the integrity of their files.

18.    A Party's agreement to participate in this Order is without prejudice to that

Party's right to contest jurisdiction or assert any and all defenses, whether arising under

contract, law, or equity.

19.    This Order shall continue to be binding after the conclusion of this

litigation except that a Party may seek the written permission of the Producing Party or

further order of the Court with respect to the dissolution or modification of this Order.

The Court shall retain jurisdiction to enforce or modify this Order.

20.    Nothing herein shall prohibit disclosure of any Confidential Discovery

Material where such disclosure is required by law or by court order. Any Party that

receives a demand or request for disclosure of Confidential Discovery Material shall,

promptly after receipt of the demand or request, give written notice to all other Parties of

the demand or request, unless the giving of such notice would violate a law or court

order.

21.    Notwithstanding each of the foregoing provisions, the parties expressly

acknowledge that Defendants are subject to certain requirements, obligations and

regulations due to the fact that they are in the regulated business of providing insurance.

This Protective Order shall not interfere in any way with the Defendants' ability to

comply with such requirements or regulations.  Specifically, paragraphs 3, 4, 5, 11, 17, 18 and 20 shall not apply in any way that would interfere with Defendants' legal or regulatory requirements, obligations and responsibilities, nor shall they apply in any way to reinsurers, auditors, or regulators of the Defendants.

22.    The existence of this Order shall be disclosed to any Producing Party that is not also a Party who may reasonably be expected to desire confidential treatment for any Documents or other information that it will or may produce in this action.  Any such Producing Party may designate Documents or other information as Confidential Discovery Material pursuant to this Order.

SIGNED this ⎸0ᵗʰ day of November, 2010

_____
United States Magistrate Judge

JOHN H. FENNER (#17565)
Corporate General Counsel
Turner Industries Group, L.L.C.
P. O. Box 2750
Baton Rouge, LA  70821
(225) 214-2066
Fax (225) 215-6025
jfenner@turner-industries.com

Of Counsel:

/s/ John W. deGravelles
JOHN W. deGRAVELLES (#04808), T.A.
RANDOLPH W. HUNTER (#7084)
J. NEALE deGRAVELLES (#29143)
deGravelles, Palmintier, Holthaus & Frugé,
L.L.P.
618 Main Street
Baton Rouge, LA  70801-1910
(225) 344-3735
Fax (225) 336-1146
jdegravelles@dphf-law.com
rhunter@dphf-law.com
ndegravelles@dphf-law.com

ANNA P. ENGH
TIMOTHY D. GRESZLER
FRANCISKA COLEMAN
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20044-7566
(202) 662-6000
Fax (202) 662-6291
aengh@cov.com
tgreszler@cov.com
fcoleman@cov.com

*Attorneys for Plaintiff Turner Industries Group, L.L.C.*


/s/ LaDonna G. Wilson
RALPH S. HUBBARD III, La. Bar #7040
TINA L. KAPPEN, La. Bar #29579
LADONNA G. WILSON, La. Bar #28814
LUGENBUHL, WHEATON, PECK,
    RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
rhubbard@lawla.com
tkappen@lawla.com
*Counsel for United States Fidelity and*
*Guaranty Company and Fidelity Guaranty*
*and Insurance Underwriters, Inc., and The*
*Travelers Companies, Inc.*

/s/ Julia A. Dietz
SIDNEY W. DEGAN, III, La. Bar #4804
JULIA A. DIETZ, La. Bar #18866
DEGAN, BLANCHARD & NASH
400 Poydras Street, Suite 2600
New Orleans, LA 70130
Telephone: (504) 529-3333
sdegan@degan.com
jdietz@degan.com


*Counsel for Fireman's Fund Insurance*
*Company*

## EXHIBIT "A"

## NONDISCLOSURE AGREEMENT

I, _____, hereby certify my understanding

that Confidential Discovery Materials are being provided to me pursuant to the terms and

restrictions of an Order entered by the United States District Court for the Middle District

of Louisiana (the "Court") in connection with an action titled Turner Industries Group,

LLC v. The Travelers Companies, Inc., et al., No. 09-0834.

I further certify that I have been provided a copy of and have read the

Order. I agree to comply with and to be bound by the terms of the order, and hereby

agree to subject myself to the jurisdiction of the Court for purposes of enforcement of the

terms and restrictions of the Order. I understand that intentional and deliberate violation

of the Order is punishable as contempt of court.


Dated:_____        Signed:_____