UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TURNER INDUSTRIES GROUP, L.L.C.**          CIVIL ACTION

**VERSUS**                                    NUMBER: 09-CV-0834-BAJ-DLD

**THE TRAVELERS COMPANIES, INC.,
ET AL.**

## ORDER

This matter is before the court on a joint motion by cross-claimants and cross-defendants for an extension of the scheduling deadlines. (rec.doc. 135)

On February 5, 2010, the court issued a scheduling order, setting deadlines for fact discovery, expert disclosure/discovery, and dispositive motions. (rec.doc. 25) The deadlines were extended on August 16, 2010, to accommodate deposition dates outside the then-current discovery deadline and then-pending dispositive motions. (rec. doc. 96)

The parties now seek a four-month extension on all current deadlines, contending that discovery has been delayed with regard to two parties due to pending motions concerning those parties, but that the parties are in the process of negotiating a stipulation that dismisses cross-claimant's claims against these two parties, thereby avoiding continued motion practice with regard to these two parties. Also, the parties are jointly reviewing "voluminous documents" in an effort to streamline the discovery process, and anticipate the need to take additional fact witness depositions. (rec.doc. 135)

### *DISCUSSION AND ANALYSIS*

As the parties are aware, the court is afforded broad discretion in discovery matters and may alter the pretrial deadlines for good cause. This broad discretion encompasses the court's inherent power to control the cases on its docket "with economy of time and

effort for itself, for counsel, and for litigants." *Landis v. North American Co.* 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). *See also, Superior Diving Co., Inc. V. Watts*, 2008 WL 2097152, *3 (E.D.La. 2008) Here, the court previously granted a four-month extension on all deadlines, and notes that discovery has been ongoing since February, 2010. The court also notes that at the time of the first extension of the scheduling deadlines, the suit included claims by the plaintiff against all defendants. Plaintiff's claims have all been dismissed, leaving only FFIC's cross claims against USF&G and the Travelers entities. The parties contend that FFIC's claims against the Travelers entities are in the process of a stipulated dismissal, leaving only one claim against USF&G, which is a claim for reimbursement of monies paid out by FFIC and allegedly owed by USF&G. Thus, while there is good cause for some extension of the present deadlines, there is not good cause for an additional four months to extend all the deadlines, especially given the change in the posture of the case.[1] The court also notes that this case has been pending on the court's docket since October 2, 2009, and will be nearly three years old if the extensions requested by the parties are granted by this court. The court therefore will exercise its broad discretion in the management of its docket, and grant the motion for extension of deadlines, but with a shorter time frame.

Accordingly,

**IT IS ORDERED** that the joint motion for extension of deadlines is **GRANTED** in part as follows:

1. **Filing** all discovery motions and **completing** all discovery except experts: **September 30, 2011.**

---

[1]The court also notes that the original scheduling order was clear that the deadlines were final deadlines, and that no extensions would be granted except under extreme circumstances and for good cause shown.

2. a. Disclosure of identities and resumés of experts:

   **Plaintiff(s):** **September 15, 2011**
   **Defendant(s):** **September 30, 2011**

   b. Expert reports must be submitted to opposing parties as follows:

   **Plaintiff(s):** **October 15, 2011**
   **Defendant(s):** **October 30, 2011**

   c. Discovery from experts must be completed by **December 30, 2011**

3. All dispositive motions must be filed on or before **January 1, 2012.**[2]

The time limits set forth in this order shall not be modified except by leave of court upon a showing of good cause.

In the event the parties have not previously notified the court that the matter is ready to be set for a pretrial conference, or the district judge has not already set a pretrial conference, this matter will be reviewed within 15 days of the expiration of the deadline to file dispositive motions (**January 1, 2012**), and assigned for a pre-trial/status conference if necessary.

The parties may contact the court at (225) 389-3602 after discovery has been completed should they wish to schedule a settlement conference.

Signed in Baton Rouge, Louisiana, on July 29, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[2]The court notes that these new deadlines extend the original deadlines by more than a year, which is a generous extension of time to move this case to conclusion.